**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4708**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JAMES KENNETH MILLS,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:06-cr-00029-LHT)

Submitted:  March 31, 2008          Decided:  April 22, 2008

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Raquel K. Wilson, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, James Kenneth Mills pled guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2007). The district court sentenced him to 120 months in prison. Mills timely appealed.

Mills' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the district court abused its discretion by denying Mills' motion to withdraw his guilty plea. Counsel states, however, that she has found no meritorious grounds for appeal. Mills filed pro se supplemental briefs challenging the denial of his motion to withdraw his guilty plea, asserting that the district court erred by denying the motion without a hearing, and arguing that the district court erred by denying his motion for substitution of counsel.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea, even before sentencing. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Rather, the defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. Id. In deciding whether to permit a defendant to withdraw his guilty plea, the district court considers:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2)

whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether the defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Id.

Mills received an adequate Fed. R. Crim. P. 11 hearing, which creates a strong presumption that his guilty plea was final and binding. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). Mills argues, however, that his limited reading skills inhibited his ability to understand his plea agreement and his attorney failed to adequately explain the plea agreement and coached Mills' answers at the Rule 11 hearing. Mills' allegations are belied by his statements at the plea hearing. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (finding that statements made during plea hearing "carry a strong presumption of verity"). We find that the district court did not abuse its discretion by determining that Mills failed to present a fair and just reason to withdraw his guilty plea.[*]

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Mills' conviction and sentence. This court requires that counsel inform Mills, in writing, of the right to petition the Supreme Court of the United States for further review.

---

[*]We have reviewed the claims in Mills' pro se supplemental briefs and find them to be without merit.

If Mills requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mills. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED